19-131-ag
Marroquin-Alas v. Barr

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 17th day of June, two thousand twenty.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             RAYMOND J. LOHIER, JR.,
                  *Circuit Judges*.

―――――――――――――――――――――――――――――――――――――――――――

JOSE RONALD MARROQUIN-ALAS,

                    *Petitioner*,

              v.                                          19-131-ag

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,

                    *Respondent*.

―――――――――――――――――――――――――――――――――――――――

Appearing for Petitioner:     Jose Perez, Syracuse, N.Y.

Appearing for Respondent:     Joseph H. Hunt, Assistant Attorney General; Stephen J. Flynn, Assistant Director; Annette M. Wietecha, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

Petition for review of a Board of Immigrations Appeals decision.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Jose Ronald Marroquin-Alas, a native and citizen of El Salvador, seeks review of a December 12, 2018, decision of the BIA affirming a November 1, 2017, decision of an Immigration Judge ("IJ") denying his application for cancellation of removal and ordering removal. *In re Marroquin-Alas*, No. A205 702 852 (B.I.A. Dec. 12, 2018), aff'g No. A205 702 852 (Immig. Ct. Buffalo Nov. 1, 2017). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We have reviewed the IJ's decision as modified and supplemented by the BIA, that is, without consideration of the IJ's finding that Marroquin-Alas did not meet his burden to show ten years' continuous presence in United States, which the BIA did not reach, and taking note of the BIA's discussion of the "stop-time" rule and the evidence regarding hardship. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Because cancellation of removal is a discretionary form of relief, our jurisdiction is limited to colorable constitutional claims and questions of law, which are reviewed de novo. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39–41 (2d Cir. 2008).

As a nonpermanent resident, Marroquin-Alas is eligible for cancellation of removal if he demonstrates, inter alia, that he has been continuously present in the United States for a ten-year period preceding his application and "that [his] removal would result in exceptional and extremely unusual hardship" to his qualifying relatives—here, his three children, who are United States citizens. 8 U.S.C. § 1229b(b)(1). The hardship must be "substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members here." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (BIA 2001); *see also In re Andazola-Rivas*, 23 I. & N. Dec. 319, 322 (BIA 2002) (exceptional and extremely unusual hardship is a "very high standard"). In evaluating hardship, the agency considers "the ages, health, and circumstances of qualifying . . . relatives," including how a lower standard of living, diminished educational opportunities, or adverse conditions in the country of removal might affect the relatives. *In re Monreal-Aguinaga*, 23 I. & N. Dec. at 63–64; *see also In re Gonzalez Recinas*, 23 I. & N. Dec. 467 (BIA 2002); *In re Andazola-Rivas*, 23 I. & N. Dec. at 323.

Marroquin-Alas argues that the agency understated the scope of his two youngest children's disabilities, overstated the availability of treatment and services in El Salvador, and failed to consider Marroquin-Alas's role as his family's principal source of economic support when it determined that the hardship to his children as a consequence of his removal would not be "exceptional and extremely unusual." An error of law may arise where "some facts important to the subtle determination of 'exceptional and extremely unusual hardship' have been totally overlooked and others have been seriously mischaracterized." *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009). But Marroquin-Alas has not identified facts that the agency overlooked or seriously mischaracterized.

Although Marroquin-Alas testified that he works, he also testified that his wife works for the same employer, and there is no evidence in the record establishing that he is the family's principal source of economic support or showing the extent of the financial hardship his family might experience if he were removed from the United States. The agency accurately summarized the evidence concerning the children's disabilities—i.e. that the middle child

receives special education services because she is below grade level in reading and math, and that the youngest child qualifies for early intervention for "significant delays in his cognitive, adaptive, communication, and motor skills" and is being monitored for possible autism. Marroquin-Alas did not present evidence that the children would not continue to receive these services or that their conditions would be aggravated if he were removed and they remained in the United States; nor did he present evidence that comparable services are unavailable in El Salvador.  *See* 8 U.S.C. § 1229a(c)(4)(A)(i) (alien has the burden to show eligibility for relief from removal).  Accordingly, Marroquin-Alas's only challenge is to the weight the agency assigned to his evidence.  We lack jurisdiction to review such a challenge.  *See Barco-Sandoval*, 516 F.3d at 39–41.

Because the agency's hardship determination is dispositive of cancellation of removal, see 8 U.S.C. § 1229b(b)(1), we decline to consider Marroquin-Alas's argument that the agency's rulings concerning continuous presence were erroneous, *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").  We also do not consider Marroquin-Alas's argument that his former counsel was ineffective in failing to file an application for asylum, withholding of removal, or relief under the Convention  Against Torture because Marroquin-Alas did not raise this claim before the agency.  *See Foster v. U.S. INS*, 376 F.3d 75, 78 (2d Cir. 2004) ("[W]e require petitioner to raise issues to the BIA in order to preserve them for judicial review" (internal quotation marks, brackets, and emphasis omitted)); *Arango-Aradondo v. INS*, 13 F.3d 610, 614 (2d Cir. 1994) (holding that BIA must review ineffective assistance claim in first instance, either on appeal or through motion to reopen).

We have considered the remainder of petitioner's arguments and find them to be without merit.  Accordingly, the petition for review is hereby DENIED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk